UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTOLIN ANDREWS, | ) | CV F- 01-5783 REC DLB P |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS RE |
| v. | ) ) | DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON |
| R.A. CORTEZ, | ) | WHICH RELIEF CAN BE GRANTED |
| Defendant. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the amended complaint, filed May 24, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against correctional sergeant Cortez at Wasco State Prison.  Plaintiff contends he previously filed a civil rights action entitled *Andrews v. Cortez, et.al.,* CV F 97-5532 OWW HGB.  Plaintiff claims that Cortez deliberately denied him due process by perjuring himself in an affidavit filed in support of defendants' motion for summary judgment in case number CV F 97-5532 OWW HGB.  Plaintiff contends the Court relied on the false testimony in granting summary judgment for defendants.  Plaintiff also contends defendants intentionally failed to serve him with the summary judgment motion so that he was unable to file an opposition.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  An inmate claiming interference with or denial of access to the courts must show that he s Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury.  While plaintiff is unhappy with the result of his prior civil rights action, he was not deprived of access to the court.  Plaintiff participated in the action and appealed the entry of summary judgment in defendants' favor.  The Court of Appeals affirmed the judgment on May 30, 2000.  There is no indication that plaintiff was denied access to the courts in violation of the constitution.  Plaintiff may not attack the result of his prior action in the context of this case.

In summary, the Court finds that plaintiff's complaint fails to state any cognizable clams for

1 relief under § 1983.  The Court therefore RECOMMENDS that the amended complaint be dismissed
2 in its entirety.  In so recommending, the Court recommends that the dismissal be without leave to
3 amend in that plaintiff was previously granted leave to amend and was unable to cure the
4 deficiencies.

5      These findings and recommendations will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
7 days after being served with these findings and recommendations, the parties may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
11 1153 (9th Cir. 1991).

13     IT IS SO ORDERED.

14     **Dated:   March 17, 2006**          **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE